**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 7, 2021

LETTER TO PARTIES

    RE:    *Matthew S. v. Kijakazi*
            Civil No. SAG-20-3776

Dear Plaintiff and Counsel:

    On December 30, 2020, Plaintiff, proceeding *pro se*, filed a complaint in which he contested a decision by the Commissioner of the Social Security Administration ("SSA"). ECF No. 1. The Commissioner filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). ECF No. 10-1. The Commissioner also stated that, in the alternative, Plaintiff's complaint should be dismissed for lack of subject-matter jurisdiction pursuant to FRCP 12(b)(1), for improper venue pursuant to FRCP 12(b)(3), or for summary judgment pursuant to FRCP 12(d) and 56. *Id.* I have carefully reviewed the parties' filings, including Plaintiff's Complaint, ECF No. 1, and the Commissioner's Motion to Dismiss, ECF No. 10. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, the Commissioner's motion must be granted.

    Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "A complaint should not be dismissed for failure to state a claim unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts entitling him to relief." *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017) (quoting *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002)) (internal citation omitted) (internal quotation marks omitted). The Court appropriately considers only those facts and allegations contained on the face of the complaint, Fed. R. Civ. P. 12(d), with limited exceptions, *see Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015).

    In this case, I will consider the Commissioner's attached Declaration of Brent Gilje, Program Director. ECF No. 10-2. Accordingly, because the Court is considering matters outside the pleadings, I must treat the Commissioner's 12(b)(6) motion as a motion for summary judgment pursuant to FRCP 56.[1] Fed. R. Civ. P. 12(d). In such cases, courts must give all parties "reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Reasonable opportunity

---

[1] Courts retain discretion under Rule 12(d) to convert a 12(b)(6) motion to one under Rule 56 if the motion is styled as one under Rule 12(b)(6) or, in the alternative, Rule 56. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007); *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436 (D. Md. 2011), *aff'd sub nom. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462 (4th Cir. 2012).

*Matthew S. v. Kijakazi*
Civil No. SAG-20-3776
October 7, 2021
Page 2

requires: (1) some notice by the court to the parties "it is treating the 12(b)(6) motion as a motion for summary judgment[,]" and (2) "the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). After receipt of the Commissioner's Motion to Dismiss, ECF No. 10, the Clerk of this Court mailed a "Rule 12/56 notice" to Plaintiff, ECF No. 11. This notice alerted Plaintiff to the potential consequences of a failure to appropriately respond to the Commissioner's motion.[2] Therefore, I find that Plaintiff received sufficient notice that the Commissioner's motion may have been converted to one for summary judgment. I also find that Plaintiff had sufficient opportunity to seek and submit evidence pursuant to FRCP 12(d) and that conversion of the Commissioner's motion to one for summary judgment is appropriate.

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993)). The mere existence of a "scintilla of evidence" in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

Here, Plaintiff filed an application for a Period of Disability and Insurance Benefits under Title II of the Social Security Act ("the Act") on September 25, 2010. Declaration of Brent Gilje, Program Director, Social Security Administration ("Gilje Decl.") ¶ 4. On November 18, 2020, SSA denied Plaintiff's application and informed Plaintiff of his administrative appeal rights. *Id.* Plaintiff then commenced this suit on December 30, 2020. ECF No. 1. The Commissioner argues that "Plaintiff's complaint should be dismissed because he did not exhaust his administrative remedies under the Act and obtain a final decision of the Commissioner after a hearing before filing suit in this Court." ECF No. 10-1 at 7.

The Act limits judicial review to claims brought by "[a]ny individual, after any final decision of the Commissioner of Social Security." 42 U.S.C. § 405(g). This Section of the Act

---

[2] This Court routinely finds that the "Rule 12/56 notice" satisfies the notice requirements set forth in *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). *See, e.g.*, *Hutton v. Hickman*, No. ELH-19-3665, 2020 WL 7640825 (D. Md. Dec. 23, 2020); *Collins v. Gang*, No. JKB-19-2526, 2020 WL 7384877 (D. Md. Dec. 16, 2020); *Bogues v. Bishop*, No. CCB-19-2035, 2020 WL 5759758 (D. Md. Sept. 28, 2020).

contains a nonjurisdictional—albeit mandatory—requirement that a claimant exhaust his administrative remedies prior to seeking judicial review of a decision by the SSA. *Accident, Injury and Rehab., PC v. Azar*, 943 F.3d 195, 200 (4th Cir. 2019). "[T]he Act does not define 'final decision,' instead leaving it to the SSA to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. § 405(a), *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)). The administrative review process established by the SSA contains four steps: (1) an initial determination; (2) reconsideration; (3) an Administrative Law Judge hearing and decision; and (4) Appeals Council review or denial thereof. 20 C.F.R. §§ 404.900(a)(1)-(4), 416.1400(a)(1)-(4). Once a claimant has completed that process, a "final decision" has been issued, and the claimant may seek judicial review. *Id.* §§ 404.900(a)(5), 416.1400(a)(5). Absent a waiver by the Commissioner, *see, e.g., Quattlebaum v. Saul*, No. DLB-19-3258, 2021 WL 1225542, at *2 (D. Md. Mar. 31, 2021), or, in extreme cases, by the Court, *see, e.g.*, *Bowen v. City of New York*, 476 U.S. 467, 484-85 (1986), a plaintiff's failure to exhaust his administrative remedies prevents judicial review of the SSA's decision, *see Accident, Injury and Rehab., PC*, 943 F.3d at 200.

In this case, the Commissioner argues that Plaintiff failed to request reconsideration of the SSA's initial denial of his application for benefits and attaches a declaration of a SSA Program Director affirming that the SSA has no record of any administrative appeals. ECF No. 10-1 at 7, Gilje Decl. ¶ 5. Plaintiff did not respond to the Commissioner's motion or submit any evidence that he requested reconsideration prior to filing his complaint in this Court. Considering the foregoing, on the evidence before the Court, a reasonable jury could not find that Plaintiff requested reconsideration. Summary judgment is therefore appropriate against Plaintiff for his failure to exhaust his administrative remedies.

For the reasons set forth herein, the Commissioner's Motion to Dismiss, ECF No. 10, is treated as a motion for summary judgment and GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge